[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The appellants in this case have appealed by authority of Conn. Gen. Stats. 52-592 from an order of the Meriden Probate Court admitting to probate the will of Michael Crudo, a/k/a Eduardo Ciagleglio, dated July 7, 1982. In their Reasons For Appeal, the appellants allege lack of due execution, lack of testamentary capacity and undue influence. At the close of appellants' evidence, a motion to dismiss the undue influence claim was granted for failure to prove a prima facie case.
Based on a preponderance of the credible evidence, the court finds the following facts: the testator, Michael Crudo, died on September 17, 1986 leaving a will dated July 7, 1982. By the terms of the will the residue of Crudo's estate was left to seven named individuals, all of whom were his cousins by virtue of his adoption by Michael and Annie Crudo in the early 1920's. The addresses of the legatees were not noted, although some or all of them apparently lived in Italy.
Specifically excluded from taking under the will were testator's two natural living brothers, Emil Ciarleglio and Ralph Ciarleglio. Article Fourth of the will provides that the testator intentionally omitted them and their descendants, indicating that none of his natural blood relatives assisted him at any time.
In Article Second, the testator directed that his body be given a Christian burial in the St. John's Cemetery, Wallingford, Connecticut in the family plot of his adoptive parents. In Article Sixth, he appointed Daniel Sullivan of the Dime Savings Bank as his executor.
The will was signed by the testator as "Michael Edward Crudo," the name by which he was designated in the will. Some time earlier, the testator had his name changed to "Michael Crudo." The will was witnessed by Mary Scott and Sonja Kischkum, both of whom were employees of the Wallingford Probate Court at the time. Both witnesses signed a self-proving affidavit with which they had such familiarity. Mary Scott had died by the time of the trial; Sonia Kischkum, currently the Probate Judge of Wallingford, testified at the trial. The will was prepared by Francis R. Sabota, then the Wallingford Probate Judge, who took the oath of the witnesses.
Judge Sabota, after discussing the proposed will and disposition with the testator, drafted the will and was present at the execution. Although in Judge Sabota's view, Mr. Crudo had "quirks", he felt the testator knew what he was doing. Mr. Crudo read the will, declared it to be his last will and testament, and executed it in the presence of two witnesses and himself. Mary Scott and Sonja Kischkum witnessed the will execution and signed the self-proving affidavit in Mr. Crudo's presence. Judge Sabota CT Page 4381 talked with Mr. Crudo about sending items to relatives living overseas.
Sonja Kischkum identified on the affidavit both her signature and that of Mary Scott, the other witness, now deceased. Judge Kischkum did not recall this specific will signing but recalled her general practice. Judge Sabota always asked each testator if he would like Mary Scott and herself to be witnesses and to sign the self-proving affidavit. They would then sign the will and the affidavit in the presence of the testator. Judge Kischkum would never sign as a witness if she had any doubts about the competency of the person executing the will.
Daniel Sullivan, the Executor of the Estate, had an on-going business relationship with Mr. Crudo that lasted approximately 20 years. Mr. Crudo called him shortly before the will was executed to determine whether he would serve as the estate's fiduciary. Mr. Sullivan discussed the issue with Mr. Crudo before agreeing to the request.
At various times during his life, the testator had professed atheistic views and had belonged to an organization of atheists. His brother, Ralph Ciarleglio, died on August 1, 1976. The testator had been present at his funeral. Emil Ciarleglio, as well as the testator's nephew, had personal contacts with the testator from time to time during his life.
The requirements for a valid will in Connecticut, contained in Conn. Gen. Stats. 45-160 and 4-161, are as follows: (1) the testator must be at least 18 years of age; (2) the testator must be of sound mind; (3) the will must be in writing; (4) the will must be subscribed by the testator; and (5) the will must be attested to by two witnesses who subscribe the will in the presence of the testator.
It is well established in Connecticut that the burden of proving testamentary capacity as well as due execution rests upon the party claiming under the will. Stanton v. Grigley, 177 Conn. 558,564 (1979); Boschen v. Second National Bank of New Haven,130 Conn. 502, 504 (1944). "While there is a presumption of sanity in the performance of legal acts, the party that presents a will still bears the burden of going forward with his proof, and only then does the burden shift to the opponents to prove incapacity." Stanton, supra at 564.
The established test for testamentary capacity is ". . . that the testator have mind and memory sound enough to know and understand the business upon which he was engaged at the time of execution. . . . The ultimate determination of whether a testator has measured up to this test is a question of fact for the trier." CT Page 4382 Stanton, supra at 564.
The evidence established that the will in this case was executed by the testator, Michael Crudo, who at the time was over 18 years of age. The will was in writing and subscribed by two witnesses who signed in his presence. Compliance was made with the requirements of Conn. Gen. Stat. 45-166, relating to the self-proving affidavit. Under the circumstances, the inability of the surviving witness to recall the details of the specific will execution event — a predictable occurrence in light of the common lapse in time between will execution and death — does not render the self-proving affidavit invalid.
The testimony of Judge Sabota and the executor, Daniel Sullivan, as to their contacts and discussions with the testator, together with the self-proving affidavit, convince the court that the will proponents have met their burden of proof on the issues of due execution and testamentary capacity. The inconsistencies and contradictions which appellants argue are presented by the terms of the will do not persuade the court otherwise. The fact that the testator, during some portion of his life, had not practiced Christianity, and the fact that, in his perception, he received no assistance from his natural brothers, whether or not that perception was accurate, do not indicate a lack of testamentary capacity in light of the substantial supporting evidence. The remaining minor inconsistencies or omissions raised by appellants have no substantial bearing on the issue of capacity. Much of the appellants' evidence related to periods of time remote from the time of execution and, therefore, are not persuasive to the court. All the evidence relating to Mr. Crudo's capacity at or close to the time of execution strongly supports his mental soundness.
For the foregoing reasons, the proponents having met their burden of proof based on all the evidence, the appeal is hereby dismissed.
BARRY R. SCHALLER, JUDGE